IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | |
| | ) | |
| Petitioner, | ) | 8:17CV399 |
| | ) | |
| v. | ) | |
| | ) | |
| MARK FOXHALL, CEO, Warden, JUDGE RETELSDORF, State Court Judge, ATTY. BRENDA LEUCK, Public Defender, and ATTY. SEAN LYNCH, Douglas County Atty., | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) ) | |

This matter is before me for initial review of Petitioner's habeas corpus petition that I construe as seeking relief under 28 U.S.C. § 2241. The Petitioner has filed three earlier petitions regarding similar matters all of which have been denied without prejudice. (See 8:17CV137; 8:17CV165; 8:17CV317). I will again dismiss this one without prejudice.

Mr. Chapman is proceeding in the state criminal action pro se but he has standby counsel. Chapman has been found conditionally incompetent and a mental health evaluation has been ordered by the state district judge. That evaluation is to take place at the Lincoln Regional Center, a state mental hospital.

Chapman has appealed the order requiring a mental health evaluation. He remains in the jail pending appeal. Now, he complains of his continued detention in jail but that is obviously caused by the fact that he has appealed the order for a mental health evaluation at the Lincoln Regional Center. The docket of the state criminal action (*State v. Chapman*, No. CR17-729, Douglas County, Nebraska District Court)

shows that the appeal is being processed in the regular course and undue delay is not evident.[1]

As I have told Chapman before, principles of comity and federalism require a federal court to abstain from deciding a pretrial habeas claim under 28 U.S.C. § 2241 unless the prisoner demonstrates that (1) he or she has exhausted available state judicial remedies, and (2) special circumstances warrant federal intervention. As in the related cases he has filed in this Court, Petitioner has failed to overcome those hurdles in this case. *See*, *e.g.*, *Davis v. Mueller*, 643 F.2d 521, 525 (8th Cir.1981) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the " 'notion of comity' " and "the proper respect for state functions").

Although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. *See also Hoffler v. Bezi*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability).The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

---

[1] As I have noted before, this Court has been afforded access to the computerized record keeping system for the Nebraska state courts. I take judicial notice of the records related to this case. The Nebraska Court of Appeals acknowledged Chapman's appeal on September 22, 2017, and the transcript was accepted by the Clerk on October 5, 2017. The appellate case number is A-17-001003.

IT IS ORDERED that the petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued. A judgment will be entered by separate document.

DATED this 2nd day of November, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge